UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>IN RE HOWREY LLP,<br><br>    Debtor.<br><br>ALLAN B. DIAMOND, Chapter 11 Trustee for Howrey LLP,<br><br>    Plaintiff,<br><br>v.<br><br>JONES DAY,<br><br>    Defendant.<br><br>AND RELATED CASES. | Case No.: C 13-3910 SBA<br><br>Related Case Nos.: C 13-03905 SBA, C 13-03906 SBA, C 13-03907 SBA, C 13-03909 SBA, C 13-03911 SBA, C 13-03912 SBA, C 14-2255 SBA, C 14-2256 SBA, C 14-2375 SBA<br><br>**ORDER RE MOTIONS TO WITHDRAW THE BANKRUPTCY REFERENCE** |

This case arises out of Howrey LLP's ("Howrey") dissolution and the movement of Howrey's partners to new law firms. Allan B. Diamond, the Chapter 11 bankruptcy trustee for Howrey ("the Trustee"), has filed multiple adversary proceedings against numerous law firms seeking to recover profits from unfinished business that Howrey's partners brought with them to their new law firms under the theory that the profits were fraudulent transfers. The parties are presently before the Court on Jones Day's motion to withdraw the bankruptcy reference. Also before the Court is Seyfarth Shaw LLP's ("Seyfarth") motion to withdraw the bankruptcy reference.[1] Having read and considered the papers filed in

---

[1] Currently, there are motions to withdraw the bankruptcy reference pending in the following cases: C 13-03905 SBA, C 13-03906 SBA, C 13-03907 SBA, C 13-03909 SBA, C 13-03911 SBA, C 13-03912 SBA, C 14-2255 SBA, C 14-2256, and C 14-2375 SBA. With one exception, the law firm defendant in each of these cases has filed a joinder to Jones Day's motion. As noted above, Seyfarth has filed a separate motion to withdraw in C 14-2255 SBA. The law firm defendant in C 14-2375 filed a joinder to Seyfarth's motion.

connection with these matters and being fully informed, the Court hereby DENIES the motions, for the reasons stated below.  The Court, in its discretion, finds these matters suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b).

## I. BACKGROUND

Howrey was an international law firm with offices in, among other places, Washington D.C., California, and Europe.  Howrey dissolved effective March 15, 2011.  On April 11, 2011, an involuntary Chapter 7 bankruptcy was commenced when creditors of Howrey filed a petition with the bankruptcy court.  On June 11, 2011, the bankruptcy court converted Howrey's bankruptcy into a Chapter 11 bankruptcy case.  On October 12, 2011, the bankruptcy court entered an order approving the appointment of the Trustee.

On May 10, 2013, the Trustee filed a complaint against Jones Day.  The complaint alleges that, shortly before dissolution, Howrey's partners amended their partnership agreement to adopt a so-called "Jewel Waiver," which provides that, in the event of dissolution, "neither the Partners nor the Partnership shall have any claim or entitlement to clients, cases or matters ongoing at the time of dissolution other than the entitlement for collections of amounts due for work performed by the Partners and other Partnership personnel on behalf of the Partnership prior to the earlier of their respective departure dates from the Partnership or the date of dissolution of the Partnership."  The complaint asserts claims against Jones Day under state and federal law seeking to avoid fraudulent transfers.  By this action, the Trustee seeks to recover the profits Jones Day earned by completing Howrey's unfinished business that former Howrey partners took with them to Jones Day after leaving Howrey.

Following the filing of Jones Day's motion to withdraw the bankruptcy reference, Bankruptcy Judge Montali issued an order recommending that withdrawal of the reference be deferred until all pretrial proceedings are completed in the bankruptcy court.  In support of his recommendation, Judge Montali stated that the following factors support deferring withdrawal of reference until all pretrial matters have been completed:  (1) the bankruptcy court's docket is not heavy and permits all pretrial matters to be completed as soon as the

1 parties are ready; (2) this action might be settled before trial; (3) this action might be
2 resolved by motion before trial; (4) completing all pretrial proceedings in the bankruptcy
3 court will reduce the burden on the district court[2]; and (5) the bankruptcy court has
4 considerable expertise regarding fraudulent conveyance law and the particular issues
5 presented in this law firm bankruptcy, including the Trustee's theory of the case and Jones
6 Day's defenses.

## II. LEGAL STANDARD

District courts have original jurisdiction over civil proceedings arising in or related to bankruptcy cases.  28 U.S.C. § 1334(a).  The Northern District of California's Local Rules require that all cases and proceedings "related to" a bankruptcy case be referred to a bankruptcy court.  N.D. Cal. B.L.R. 5011-1(a); see also 28 U.S.C. § 157(a).[3]  The district court may withdraw, in whole or in part any case referred to the bankruptcy court, "on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).[4]  "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997).

Permissive withdrawal of the bankruptcy reference is allowed only in a limited number of circumstances.  In re EPD Inv. Co. LLC, 2013 WL 5352953, at *5 (C.D. Cal.

---

[2] Judge Montali noted that, even if the case goes to trial, the bankruptcy court will have considered all evidence presented, in contrast to the discretion afforded the district court to make a de novo review of the record or consider further evidence.

[3] Section 157 classifies matters as either "core proceedings," in which the bankruptcy court "may enter appropriate orders and judgments," or "non-core proceedings," which the bankruptcy court may hear but for which it may only submit proposed findings of fact and conclusions of law to the district court for de novo review.  28 U.S.C. § 157(b)-(c).

[4] The district court shall withdraw the reference if "resolution of the proceeding requires consideration of both [T]itle 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d).  In the instant motion, Jones Day does not argue that withdrawal of the reference is mandatory.  Instead, Jones Day seeks permissive withdrawal of the reference.

2013) (quoting Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc., 355 B.R. 214, 223 (D. Haw. 2006)). The burden of establishing the propriety of withdrawal is on the party seeking to withdraw the bankruptcy reference. See In re Tamalpais Bancorp, 451 B.R. 6, 8 (N.D. Cal. 2011); FTC v. First Alliance Mortgage Co., 282 B.R. 894, 902 (C.D. Cal. 2001).

## III. DISCUSSION

### A. Jones Day's Motion to Withdraw the Bankruptcy Reference

Jones Day contends that the factors for permissive withdrawal weigh in favor of withdrawal, while the Trustee argues that the factors "compel" denying Jones Day's motion. Below, the Court will address the factors articulated by the Ninth Circuit governing permissive withdrawal.

#### 1. Judicial Economy

The first factor examines whether withdrawal of the bankruptcy reference will promote the interests of judicial economy. Jones Day contends that withdrawal will promote judicial efficiency because it will avoid litigating dispositive motions twice - once in the bankruptcy court and then again in this Court. Jones Day also contends that withdrawal will promote judicial efficiency because it will avoid duplication of "fact-finding functions." In other words, Jones Day argues that judicial efficiency will be best served by withdrawing the reference because the bankruptcy court's findings of fact and conclusions of law are subject to de novo review.[5]

The Court finds that this factor weighs against withdrawing the bankruptcy reference. The bankruptcy court, unlike this Court, is familiar with the facts and issues in this case, which has been pending before the bankruptcy court since April 2011. Further, the bankruptcy court, unlike this Court, has considerable experience with law firm bankruptcies and fraudulent conveyance claims in the context of a law firm bankruptcy. It is undisputed that Judge Montali has presided over similar law firm bankruptcy

---

[5] It is undisputed that the bankruptcy court's findings are subject to de novo review. See In re Bellingham Ins. Agency, Inc., 702 F.3d 553, 565-566 (9th Cir. 2012).

proceedings: the Heller bankrutpcy[6] and the Brobeck bankruptcy.[7] In those cases, as here, the trustee sought to recover the value of the profits received by law firms from unfinished business that was being handled by Heller/Brobeck at the time of its dissolution and taken to the law firms by former partners of Heller/Brobeck.

Given Judge Montali's expertise on bankruptcy issues, his familiarity with the facts and issues in this case, and his considerable experience with law firm bankruptcies and fraudulent conveyance law, the Court finds that the interests of judicial economy are best served by having the bankruptcy court preside over all pretrial matters. See In re Heller, 464 B.R. at 357-359 (finding that judicial efficiency is not served by withdrawing the reference "where the bankruptcy judge has a high level of familiarity with the action as [a] whole, has already presided over motions and the resolution of many of the actions, and has familiarity with the legal issues"). Such a finding is consistent with Ninth Circuit authority. The Ninth Circuit has explained that the system of allowing bankruptcy judges to resolve all pretrial matters "promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them." In re Healthcentral.com, 504 F.3d 775, 787-788 (9th Cir. 2007) ("Only by allowing the bankruptcy court to retain jurisdiction over the action until *trial is actually ready* do we ensure that our bankruptcy system is carried out.") (emphasis in original); see In re EPD, 2013 WL 5352953, at *5 ("Having the bankruptcy court submit proposed findings of fact and conclusions of law in fraudulent conveyance cases 'promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them.' ").

---

[6] The Heller bankruptcy refers to the Heller Ehrman LLP bankruptcy case. In that case, Judge Breyer denied the law firm defendant's motion to withdraw the reference. See In re Heller Ehrman LLP, 464 B.R. 348 (N.D. Cal. 2011).

[7] The Brobeck bankruptcy refers to the Brobeck, Phleger & Harrison LLP bankruptcy case. In that case, Judge Breyer denied the law firm defendant's motion to withdraw the reference. See Greenspan v. Paul Hastings Janofsky & Walker LLP, 2012 WL 3283516 (N.D. Cal. 2012).

proceedings: the Heller bankrutpcy[6] and the Brobeck bankruptcy.[7] In those cases, as here, the trustee sought to recover the value of the profits received by law firms from unfinished business that was being handled by Heller/Brobeck at the time of its dissolution and taken to the law firms by former partners of Heller/Brobeck.

Given Judge Montali's expertise on bankruptcy issues, his familiarity with the facts and issues in this case, and his considerable experience with law firm bankruptcies and fraudulent conveyance law, the Court finds that the interests of judicial economy are best served by having the bankruptcy court preside over all pretrial matters. See In re Heller, 464 B.R. at 357-359 (finding that judicial efficiency is not served by withdrawing the reference "where the bankruptcy judge has a high level of familiarity with the action as [a] whole, has already presided over motions and the resolution of many of the actions, and has familiarity with the legal issues"). Such a finding is consistent with Ninth Circuit authority. The Ninth Circuit has explained that the system of allowing bankruptcy judges to resolve all pretrial matters "promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them." In re Healthcentral.com, 504 F.3d 775, 787-788 (9th Cir. 2007) ("Only by allowing the bankruptcy court to retain jurisdiction over the action until *trial is actually ready* do we ensure that our bankruptcy system is carried out.") (emphasis in original); see In re EPD, 2013 WL 5352953, at *5 ("Having the bankruptcy court submit proposed findings of fact and conclusions of law in fraudulent conveyance cases 'promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them.' ").

---

[6] The Heller bankruptcy refers to the Heller Ehrman LLP bankruptcy case. In that case, Judge Breyer denied the law firm defendant's motion to withdraw the reference. See In re Heller Ehrman LLP, 464 B.R. 348 (N.D. Cal. 2011).

[7] The Brobeck bankruptcy refers to the Brobeck, Phleger & Harrison LLP bankruptcy case. In that case, Judge Breyer denied the law firm defendant's motion to withdraw the reference. See Greenspan v. Paul Hastings Janofsky & Walker LLP, 2012 WL 3283516 (N.D. Cal. 2012).

To the extent Jones Day contends that withdrawing the reference is appropriate because it is unclear whether bankruptcy courts have the statutory authority to adjudicate fraudulent conveyance claims, including the authority to submit proposed findings of fact and conclusions of law, the Court disagrees.  Jones Day's argument is foreclosed by recent Ninth Circuit and Supreme Court authority.  In 2012, the Ninth Circuit held that bankruptcy courts have the statutory authority to hear and enter proposed findings of fact and conclusions of law in a fraudulent conveyance case asserted by a bankruptcy trustee against a non-creditor (e.g., law firm), subject to de novo review by a federal district court.  See In re Bellingham, 702 F.3d at 565-566 ("§ 157(b)(1) provides bankruptcy courts the power to hear fraudulent conveyance cases and to submit reports and recommendations to the district courts").  The Ninth Circuit's decision was recently affirmed by the Supreme Court.  See Executive Benefits Ins. Agency v. Arkison, 134 S.Ct. 2165 (2014).

### 2. Delay and Costs to the Parties

The second factor considers the delay and costs to the parties if the bankruptcy reference is not withdrawn.  Jones Day contends that declining to withdraw the reference could result in unnecessary delay and costs to the parties because the bankruptcy court's factual and legal determinations are subject to de novo review.  Jones Day further argues that the resulting delay and cost from declining to withdraw the reference would be compounded if the case proceeds to trial before this Court.

Even assuming that the Court is called upon to conduct a de novo review of the bankruptcy court's findings of fact and conclusions of law and/or is required to preside over a trial following the completion of all pretrial matters,[8] the Court is not persuaded that such procedures will result in unnecessary delay or increased costs to the parties, particularly given Judge Montali's familiarity with the issues in this case.  At this juncture, it is unclear

---

[8] Even if a jury trial must be conducted by this Court on the Trustee's fraudulent conveyance claims, all pretrial proceedings may be delegated to the bankruptcy court.  See In re Healthcentral.com, 504 F.3d at 787 (holding that a jury demand does not instantly require a bankruptcy court to withdraw jurisdiction, since "allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready . . . ensure[s] that our bankruptcy system is carried out.")

that any delay or costs associated with declining to withdraw the bankruptcy reference outweigh the efficiencies gained by having the bankruptcy court preside over all pretrial matters in the first instance.  See In re Cedar Funding, Inc., 2012 WL 3309683, at *6 (N.D. Cal. 2012); In re Heller, 464 B.R. at 360.  Given the foregoing, the Court finds that the resources of the parties are more efficiently expended litigating all pretrial matters in the bankruptcy court.  Judge Montali is in the best position to promote prompt and cost-efficient pretrial case management.  Indeed, according to Judge Montali, his docket is not heavy and permits all pretrial matters to be completed expeditiously.  Accordingly, the Court finds that Jones Day has failed to demonstrate that this factor weighs in favor of withdrawing the bankruptcy reference.

### 3. Uniformity of Bankruptcy Administration

The third factor examines whether withdrawing the bankruptcy reference will interfere with the uniformity of bankruptcy administration.  Jones Day contends that litigating the Trustee's fraudulent conveyance claims in the district court will not hinder the administration of the bankruptcy case.  According to Jones Day, because the bankruptcy court's findings of fact and conclusions of law are subject to de novo review, withdrawing the reference would not undermine the uniform administration of Howrey's bankruptcy.  The Court disagrees.

It is undisputed that there are numerous law firm defendants in the underlying bankruptcy proceedings that have not joined Jones Day's motion to withdraw the bankruptcy reference.  It is also undisputed that the Trustee has asserted fraudulent conveyance claims against these defendants.  As such, the Court finds that withdrawal of the bankruptcy reference will interfere with Judge Montali's ability to ensure the uniform, efficient administration of the entire bankruptcy estate.  See In re Heller, 464 B.R. at 360; see also Hawaiian Airlines, 355 B.R. at 224 (holding that "where bankruptcy judge had significant exposure to many relevant factual and legal issues through bankruptcy proceedings, he can best address this particular adversary proceeding while ensuring the uniform, efficient administration of the entire bankruptcy estate, and that this matter will

proceed through bankruptcy with minimal delay") (internal quotation marks and alterations omitted). Accordingly, the Court finds that this factor weighs against withdrawing the bankruptcy reference.

### 4. Prevention of Forum Shopping

The fourth factor considers whether the motion to withdraw the bankruptcy reference is an improper attempt to forum shop. According to the Trustee, Jones Day's motion is "a blatant attempt at forum shopping." The Trustee asserts that Judge Montali has issued a number of rulings supportive of unfinished business claims in prior actions and that Jones Day is "plainly" trying to avoid a similar ruling. In response, Jones Day argues that it has not engaged in forum shopping because it did not choose to bring the bankruptcy case in this district. Jones Day further argues that its motion has nothing to do with forum shopping because the district court will ultimately need to address the issues in this case, whether initially or on de novo review. The Court finds that this factor is neutral. There is no evidence of forum shopping by Jones Day.

### 5. Conclusion

In sum, the Court concludes that Jones Day has failed to demonstrate that the factors for permissive withdrawal weigh in favor of withdrawing the bankruptcy reference. Accordingly, Jones Day's motion to withdraw the bankruptcy reference is DENIED.[9]

### B. Seyfarth's Motion to Withdraw the Bankruptcy Reference

Seyfarth contends that withdrawal of the bankruptcy reference is appropriate in order to "avoid constitutional concerns," aid judicial economy, and eliminate unnecessary delay and expense. Specifically, Seyfarth argues that because the bankruptcy court does

---

[9] On July 10, 2014, Jones Day and the Trustee filed a stipulated request to submit supplemental briefing regarding recent decisions that Jones Day contends are relevant to the Court's consideration of its motion to withdraw the bankruptcy reference. The Court has reviewed the decisions cited by Jones Day - Arkison, 134 S.Ct. 2165, Heller Ehrman LLP v. Davis, Wright, Tremaine, LLP, --- B.R. ----, 2014 WL 2609743 (N.D. Cal. 2014), and In re Thelen LLP, --- N.E.3d ----, 2014 WL 2931526 (2014) - and finds that supplemental briefing is not warranted. None of these cases alter the Court's conclusion that the denial of Jones Day's motion is appropriate. Accordingly, the parties' stipulation is DENIED.

not have the power to enter a final judgment, withdrawing the bankruptcy reference will aid judicial efficiency, minimize delay, and reduce costs by avoiding the redundancy associated with de novo review of the bankruptcy court's findings of fact and conclusions of law.

Having considered the relevant factors, the Court finds that Seyfarth has failed to establish cause for withdrawal of the bankruptcy reference. Seyfarth has not demonstrated that the factors for permissive withdrawal weigh in favor of withdrawing the bankruptcy reference. For the reasons set forth above, the Court finds that the efficient use of judicial resources and the uniformity of bankruptcy administration factors weigh against withdrawal. The Court further finds that Seyfarth has failed to show that any delay and/or costs to the parties associated with having the bankruptcy court preside over all pretrial matters in the first instance weighs in favor of withdrawal.[10] Accordingly, Seyfarth's motion to withdraw the bankruptcy reference is DENIED.

## IV.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Jones Day's motion to withdraw the bankruptcy reference is DENIED.

2. Seyfarth's motion to withdraw the bankruptcy reference is DENIED.

3. The Clerk shall close the file and terminate all pending matters in the instant action. The Clerk shall also close the file and terminate all pending matters in the following related cases: C 13-03905 SBA, C 13-03906 SBA, C 13-03907 SBA, C 13-03909 SBA, C 13-03911 SBA, C 13-03912 SBA, C 14-2255 SBA, C 14-2256 SBA, and C 14-2375 SBA.

IT IS SO ORDERED.

Dated: 7/15/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[10] Because there is no evidence of forum shopping, the Court finds that the prevention of forum shopping factor is neutral.